IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 17, 2001 Session

## HEALTH COST CONTROLS, INC. v. RONALD GIFFORD

**An Appeal from the Chancery Court for Weakley County**
**No. 15726    W. Michael Maloan, Chancellor**

---

**No. W2001-02267-COA-RM-CV - Filed June 3, 2002**

---

This is an insurance case on remand from the Tennessee Supreme Court. The Court has directed us "to reconsider the case on its merits in accordance with . . . *York v. Sevier County Ambulance Auth.*, 8 S.W.3d 616 (Tenn. 1999)," which was decided after the appellate briefs were filed in the initial appeal. In *York*, the Supreme Court established that the "made whole" doctrine, applicable in cases involving an insurer's subrogation rights, is also applicable in cases involving an insurer's right to reimbursement for amounts paid to the insured from another source. After careful consideration, we find that *York* does not affect our original disposition of this case, and, therefore, on remand, we affirm the decision of the trial court.

**Tenn. R. App. P. 3; Judgment of the Chancery Court is Affirmed**

HOLLY K. LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

H. Max Speight, Dresden, Tennessee, for the appellant, Ronald Gifford.

Thomas H. Lawrence and John M. Russell, of Memphis, Tennessee, for the appellee, Health Cost Controls, Inc.

### OPINION

This is an insurance case on remand from the Tennessee Supreme Court.[1] In March 1997, Defendant/Appellant Ronald Gifford ("Gifford") was injured in an automobile accident while riding as a passenger in a car driven by his brother and owned by his mother. Gifford had medical insurance coverage provided by Prudential Insurance Company ("Prudential"). Gifford's insurance

---

[1]The previous decision by this Court is found at *Health Cost Controls, Inc. v. Gifford*, No. W1999-02598-COA-R3-CV, 2001 Tenn. App. LEXIS 294 (Tenn. Ct. App. April 24, 2001).

policy with Prudential contained a provision limiting recovery for injuries when a third party is involved:

BENEFIT MODIFICATION FOR THIRD PARTY LIABILITY

This modifies any Coverage of the Group Contract that:

(1) is a health care expense Coverage; or

(2) provides weekly disability benefits.

A. This Modification applies when a person, other than the person for whom a claim is made, is considered responsible for a Sickness or Injury. To the extent payment for the Sickness or Injury is made, or may be made in the future, by or for that responsible person (as a settlement, judgment or in any other way):

(1) charges arising from that Sickness or Injury are not covered; and

(2) benefits for any period of Total Disability resulting (in whole or in part) from that Sickness or Injury are not payable.

B. But when claim is received by Prudential, benefits which would be payable except for A above will be paid if:

(1) payment by or for the responsible person has not yet been made; and

(2) the Covered Person(s) involved (or if incapable, that person's legal representative) agrees in writing to pay back promptly the benefits paid as a result of the Sickness or Injury to the extent of any future payments made by or for the responsible person for the Sickness or Injury. The agreement is to apply whether or not: (a) liability for the payments is admitted by the responsible person; and (b) such payments are itemized. A reasonable share of fees and costs incurred to obtain such payments may be deducted from amounts to be repaid to Prudential.

C. Amounts due Prudential to repay benefits, agreed to as described in B. above, may be deducted from other benefits payable by Prudential after payments by or for the responsible person are made.

Thus, although the provision generally denies coverage for medical expenses when a third party is responsible for the injury, it permits payment for such injuries if the responsible third party had not yet paid and the insured agrees in writing to reimburse Prudential when the insured recovers from the third party or from someone on the third party's behalf.

Prudential paid $37,795.08 in medical expenses on behalf of Gifford in connection with his injuries. Subsequently, Gifford recovered $100,000[2] from his mother's insurance carrier, State Farm Insurance Company ("State Farm"), for the injuries he sustained in the accident. Of the $100,000 Gifford recovered from State Farm, $44,000 was for the medical expenses incurred by Gifford in connection with the accident; the remaining $56,000 was for his pain and suffering. Gifford signed a full release with State Farm, discharging all claims, including medical expenses, that he may have had against his mother and brother.

Meanwhile, Prudential's assignee regarding Gifford's claim, for the purposes of investigating and prosecuting all of Prudential's rights and claims of reimbursement or overpayment of claims, was Plaintiff/Appellee Health Costs Controls, Inc. ("HCC"). When HCC learned of Gifford's recovery from State Farm, HCC contacted Gifford's attorney, seeking reimbursement of the $37,795.08 Prudential paid for Gifford's medical expenses. Gifford refused this request. HCC then filed this lawsuit against Gifford seeking return of the payment. In the complaint, HCC alleged that it was entitled to reimbursement of the payment because Prudential had been unaware that there was a third party responsible for Gifford's injuries and, as a result, mistakenly overpaid Gifford for claims not covered under the policy. HCC later filed a motion for summary judgment. In the motion, HCC asserted that the claims were not covered under the terms of the Prudential policy and that Prudential overpaid Gifford based on a mistake of fact, namely, that it was unaware that payment for Gifford's injuries was the responsibility of third party.

The trial court found that the terms of the Prudential policy unambiguously denied coverage for charges arising from an injury for which a third party is responsible and payment is made by the responsible party by "settlement, judgment, or in any other way." The trial court also found that it was undisputed that Gifford was injured in an automobile accident, that a portion of his medical expenses were paid by Prudential, and that he "settled his personal injury claim with the automobile owner's insurance company, State Farm." On that basis, the trial court granted HCC's motion for summary judgment and ordered Gifford to reimburse Prudential.

Gifford then appealed to this Court. On appeal, this Court held that under the plain language of the policy, the expenses arising from the injuries Gifford sustained in the accident were not covered by the policy. This Court further determined that Prudential's payment of Gifford's expenses was based on a mistake of fact, because it was undisputed that Prudential would not have paid for Gifford's medical expenses had it known that a third party was responsible for payment. Therefore, the trial court's grant of summary judgment in favor of HCC was affirmed. As noted above, the case was appealed to the Tennessee Supreme Court, which remanded to this Court with instructions to reconsider the appeal in light of *York v. Sevier County Ambulance Auth.*, 8 S.W.3d 616 (Tenn. 1999). Accordingly, we now consider the merits of this case in light of *York*.

---

[2]HCC's amended complaint and memorandum in support of summary judgment state that Gifford recovered $105,000 from State Farm. However, in an affidavit filed in support of HCC's motion for summary judgment, State Farm claim specialist Nancy Thomas stated that State Farm paid Gifford the policy limit of $100,000. In addition, the trial court, in its findings of facts, also listed the sum as $100,000.

Prior to *York*, it had long been established that an insured must receive full compensation for losses, i.e., be "made whole," before the insurer can exercise its right of subrogation against a third-party tortfeasor. *See Wimberly v. American Cas. Co. of Reading*, 584 S.W.2d 200, 203 (Tenn. 1979). In *York*, the Tennessee Supreme Court determined that this made whole doctrine should be extended to apply to an insurer's right to reimbursement, i.e., that the insurer had no right to reimbursement until the insured had been made whole. The Court reasoned that "a right of reimbursement raises many of the same equitable issues involved in subrogation and warrants the same conclusion – that the insured must be made whole before the insured is entitled to reimbursement." *York*, 8 S.W.3d at 620. The made whole doctrine applies "regardless of what language is contained in the contract," because the right arises out of equity, not from the terms in the contract. *Id.* at 621 & n.6; *see Nelson v. Innovative Recovery Servs.*, No. M2000-03109-COA-R3-CV, 2001 Tenn. App. LEXIS 859, at *7 (Tenn. Ct. App. Nov. 21, 2001).

Although Gifford argued to the trial court that he was not made whole by the payment from State Farm, it is undisputed that he did not raise the argument in his appellate brief before this Court.[3] Ordinarily, such an omission would be fatal to his claim. *See Jackson v. Allen*, No. M2000-01673-COA-R3-CV, 2002 Tenn. App. LEXIS 281, at *5 n.1 (Tenn. Ct. App. April 23, 2002). However, in light of the Supreme Court's remand, we will apply the *York* decision to the merits of Gifford's claims. *See Tennessee Farmers Mut. Ins. Co. v. Farmer*, No. 03A01-9610-CH-00327, 1998 Tenn. App. LEXIS 581, at *5 & n.2 (Tenn. Ct. App. Aug. 20, 1998). At the outset, it must be noted that, in order to avoid reimbursing HCC for the payment from Prudential, the burden of proof rests on Gifford to show that he was not made whole by the $100,000 paid to him by State Farm. *See Nelson*, 2001 Tenn. App. LEXIS 859, at *10; *Tennessee Farmers*, 1998 Tenn. App. LEXIS 581, at *4 & n.2. In addition, the trial court made no finding with respect to whether Gifford was made whole by the payment from State Farm.

The facts in this case must be compared to those in *Tennessee Farmers*.[4] In that case, the insureds were injured in a car accident. Their medical expenses were approximately $16,000, and $14,000 of that amount was paid by their own insurance company. *Tennessee Farmers*, 1998 Tenn. App. LEXIS, at *2 n.1. The insureds later settled with the third-party tortfeasor for $45,000; the insureds' insurance company did not participate in the settlement negotiations. *Id.* at *7. There was no determination in the tort action or settlement agreement as to whether the insureds had been

---

[3]The issues raised by Gifford in his brief filed with this Court pertained to whether there were genuine issues of material fact in dispute and whether the trial court had properly interpreted the insurance agreement. Those issues were addressed in this Court's prior Opinion. Thus, the issue regarding application of the made whole doctrine would ordinarily be considered abandoned on appeal.

[4]In our initial decision, this Court determined that HCC was entitled to reimbursement because it had paid for Gifford's medical expenses based on a mistake of fact, namely, that the loss was covered under the policy. It is arguable that, had the made whole doctrine been raised in Gifford's appeal to this Court, it would not apply because Gifford's obligation to reimburse his insurance company did not arise out of a "reimbursement" clause. Rather, his obligation arose out of the fact that the insurance company had made the initial payment in error. Nevertheless, *York* states that it applies regardless of the language in the insurance policy. Therefore, on remand, *York* will be applied to this case as if Gifford's duty to reimburse HCC arose out of a typical reimbursement clause.

made whole. *Id.* at *8. The insureds' insurance company then sought to recover from the insureds the amount the insurance company had paid. The insureds argued that their insurance company could not recover from them, because the $45,000 payment from the tortfeasor did not make them whole. On appeal, this Court rejected that argument, holding that the made whole doctrine "generally has no application to a typical tort case where the personal injury claim is merged with the claim for reimbursement of medical expenses, and where there has been no determination otherwise as to whether or not the insured has been made whole by the tort recovery." *Id.* at *6-*7. The *Tennessee Farmers* court noted that it was settled that "if the insurer claiming subrogation did not participate in the settlement negotiations between its insured and the third-party tortfeasors, and waived no rights, its subrogation claim must be honored and the made-whole doctrine has no application."[5] *Id.* at *7. To defeat subrogation, the insured must "affirmatively show . . . that she was not made whole." *Id.* at *9. Consequently, the *Tennessee Farmers* court determined that the insureds' insurance company had a right to subrogation, despite the insureds' assertion on appeal that they had not been made whole by the insurance proceeds.[6]

In the instant case, Gifford recovered $100,000 from State Farm. An affidavit from the State Farm agent attested that $44,000 was attributable to medical expenses and $56,000 was attributable to pain and suffering; this fact was undisputed. As in *Tennessee Farmers*, there had been no findings as to whether the insured, Gifford, had been made whole. Moreover, in this case, as in *Tennessee Farmers*, Prudential did not participate in the settlement negotiations between Gifford and State Farm. In fact, Prudential was not even aware that another party was responsible for payment for Gifford's injuries. In such a situation, in which the parties dispute whether the plaintiff has been made whole and there has been no determination that the insured was not made whole, the made whole doctrine has no application. *Tennessee Farmers*, 1998 Tenn. App. LEXIS 581, at *7. Therefore, the holding in *York*, that the made whole doctrine can be applicable to an insurer's right to reimbursement, has no application here, since Gifford did not carry his burden of establishing that he was not made whole. For these reasons, we affirm the decision of the trial court that HCC is entitled to reimbursement from Gifford.

The decision of the trial court is affirmed. Costs are to be taxed to the appellant, Ronald Gifford, and his surety, for which execution may issue if necessary.



HOLLY KIRBY LILLARD

---

[5]This differs from the situation in which the parties agree that the insured was not made whole, or where it is clear from the facts that the insured was not made whole. *See Doss v. Tennessee Farmers Mut. Ins. Co.*, No. M2000-01971-COA-R3-CV, 2001 Tenn. App. LEXIS 906, at *12 (Tenn. Ct. App. Dec. 10, 2001); *Brown v. Nowlin*, No. W2001-01455-COA-R3-RV, 2001 Tenn. App. LEXIS 895, at *12 (Tenn. Ct. App. Nov. 30, 2001).

[6]The insureds in *Tennessee Farmers* were actually entitled to reimbursement, rather than subrogation, because the insured had already received the money from the tortfeasor's insurance company. *See York*, 8 S.W.3d at 618-19 (contrasting the right to subrogation and the right to reimbursement).